W. S. BADCOCK CORPORATION v. F. J. KUNZE.

171 So. 657.

Opinion Filed December 31, 1936.

*S. Whitehurst's Sons,* for Appellant;

*D. M. Johnson,* for Appellee.

TERRELL, J.—Appellee, F. J. Kunze, made a contract with Appellant to operate a furniture store in Brooksville, Florida. When the store had been in operation about two years, W. S. Braddock, representing the Appellant, discharged Kunze. Kunze, as complainant, then filed his bill in chancery against appellant for an accounting. The bill in effect

alleges that the contract to operate the furniture store was in parole and was in substance "that the defendant (appellant) agreed to pay the plaintiff (appellee) for his work and operation of said store, the sum of twenty-five per cent. (25%) of all sales and collections." The bill also alleges that it was agreed between the parties that complainant (Kunze) might retain and use temporarily the funds collected from sales in the interest of the store.

The defendant, W. S. Badcock Corporation, filed its answer in which it denied any agreement with or consent given to Kunze to use funds collected in the interest of the store. It also denied the terms of the verbal agreement to operate the store as quoted in the bill of complaint and alleged the terms of said agreement to be "that the plaintiff was to receive as compensation for his work in the operation of said store, twenty-five per cent. (25%) of all cash receipts taken in by the plaintiff (Kunze)."

On the issue made by the bill and answer, testimony was taken and on final hearing, the chancellor found the verbal agreement to provide that Kunze was to "receive twenty-five per cent. (25%) of the sales of the business." He further found that there was $13,400.00 outstanding indebtedness due the store, $10,720.00 of which was collectible, that the cost of collecting would be twelve and one-half per cent., that on said basis the plaintiff was entitled to $1,340.00 commission on the latter amount, and that he, complainant, owed the store $1,470.40, making a difference of $130.40 due by complainant to defendant. A final decree was entered accordingly and this appeal was prosecuted therefrom.

Stripped of all dross, the pith of the controversy is whether the parole agreement to operate the store provided that Kunze should receive twenty-five per cent. on gross

sales or twenty-five per cent. of the sales collected for, as his compensation. In holding that he (Kunze) was entitled to twenty-five per cent. on gross sales, appellant contends that the chancellor misapprehended the legal effect of the evidence.

Kunze testified that he was to "receive twenty-five per cent. of all sales as collected" and the defendant testified that he was to pay Kunze twenty-five per cent. of the cash receipts, except on Norge Refrigerators and Washing Machines. These statements or evidence of similar import were constantly repeated. The bill alleges that he (Kunze) was to receive twenty-five per cent. of all sales and collections.

We cannot interpret the language of the bill or the evidence of either party supporting it to relate to anything other than twenty-five per cent. on cash sales or sales made and later collected. The bill alleges sales and collections and both parties testified to this effect. In other words, a sale and a collection must be made before the commission was due. We find no evidence to support the chancellor's finding to the effect that complainant's commission was to be twenty-five per cent. of the gross sales before collections were made.

We are also urged to determine the question of whether or not Kunze was authorized to withhold and use temporarily in the business the funds collected by him. We do not think it proper to adjudicate that question at this time. The chancellor did not pass on it, it is not material to the main question already decided, and we are impressed with no good reason for adjudicating that question now.

For the error pointed out, the decree below must be and is hereby reversed.

728

Reversed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.